## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHELIA K. SMITH**                                   **CIVIL ACTION**

**VERSUS**                                            **NUMBER 09-00019-JJB-DLD**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security**

## MAGISTRATE JUDGE'S REPORT

Plaintiff seeks judicial review of a final decision of the Commissioner denying her

claim for disability insurance benefits.  In making that final decision, the Commissioner

reached the fourth step of the five-step sequential disability analysis set forth in 20 C.F.R.

§ 404.1520(b)-(f)& § 416.920(b)-(f).[1]  The Commissioner determined that plaintiff had the

following severe impairments: degenerative disc disease of the lumbar spine, cervical disc

disease and history of fracture of the left tibia, but that these impairments did not prevent

her from performing her past relevant work as a service writer and an assistant manager

at a parts store.

### *Background*

Plaintiff protectively filed an application for benefits on January 31, 2006, alleging

a disability onset date of February 24, 2002, due to back problems, broken leg, neck and

knee problems. (TR 51)  The claim was initially denied on March 22, 2006.  Plaintiff filed

a timely request for hearing; a hearing was held on June 5, 2008; and an unfavorable

decision was rendered on June 26, 2008, finding that plaintiff was not disabled from

February 24, 2002, through her last insured date of December 31, 2006. Plaintiff appealed

---

[1] *See,e.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

the ALJ's decision, and the Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.

### GOVERNING LAW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. *E.g., Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.* Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.* A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the claimant's position. *Id.*

The overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). If the claimant proves that she no longer is able to work in her past relevant work, then and only then does the burden shift to the Commissioner to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity. *E.g., Rivers v. Schweiker*, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982). Thus, in cases such as this one where the Commissioner determines that the claimant is capable of performing her past relevant work

and accordingly reaches only the fourth step of the five-step disability sequential analysis, the burden of persuasion remains with the claimant to show an inability to return to her past relevant work.

## ISSUES

The issue before this Court is whether the Commissioner's finding that Judy L. Martin is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards.  42 U.S.C. § 405(g).

Plaintiff argues for either reversal or remand based on two grounds:

1)      [That] the Appeals Council erred in determining that new and material evidence submitted to the Council to include the opinion of treating source, Michael Howard, M.D. did not warrant reversal, if not remand of this case.

2)      [That] the finding by the ALJ that the plaintiff does not suffer from a listed impairment is not supported by substantial evidence on the record as a whole.

(rec. doc. 9, pg 2)

## DISCUSSION AND ANALYSIS

### Issue 1 - Dr. Howard's June 18, 2008, Statement.

The hearing was held on June 5, 2008, and plaintiff's counsel argued that plaintiff's back problems met the criteria of Listing 1.04.  In particular, counsel argued that tests taken in March 2008 showed evidence of nerve root impingement at L5 and neuropathy. Sometime after the hearing and decision, but before the Appeals Council's ruling in November 2008, plaintiff submitted a medical source statement dated June 18, 2008, from her treating physician, Dr. Howard, wherein Dr. Howard opined that plaintiff's symptoms

-3-

precluded her from working any job at any level. (rec. doc. 9)[2] It is this statement that plaintiff argues is new and material evidence which was improperly rejected, contrary to the standards set forth 20 C.F.R. § 404.1527(d)(2) and SSR 96-2p.  Plaintiff contends that reasons have to be given for the weight assigned to a treating physician's opinion, and that the Appeals Council failed to do so when discussing Dr. Howard's records.  Plaintiff also argues that if the medical source statement was inadequate, the Commissioner was required to re-contact the treating physician as required by 20 C.F.R. § 404.1512(e), but failed to do so.

In response, defendant counters that although Dr. Howard was plaintiff's treating physician, he first treated plaintiff on March 6, 2007, more than two months after her last insured date of December 31, 2006.  Moreover, the medical source statement of June 18, 2008, was more than 18 months after plaintiff's last insured date.  Defendant contends that plaintiff's additional evidence does not relate to the relevant period of disability, which in this case ended on December 31, 2006, and thus is not entitled to controlling weight.

### A. Appeals Council Review of New Evidence

Under 20 C.F.R. § 404.970(b), the Appeals Council considers any additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision, and evaluates the entire record, including the additional evidence, if it relates to the period on or before the date of the ALJ's decision.  It will then review the case if it finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See also* 20 C.F.R. § 404.976(b).  Here, the Appeals Council

---

[2]The court has searched more then 1,000 pages of the administrative transcript and can find no record of when this document was submitted to the Appeals Council.

considered the new evidence, but found that it did not provide a basis for changing the ALJ's decision.

Plaintiff argues that the Appeals Council's denial of the request for review is part of the "final decision" and as such, reasons have to be given for the rejection of Dr. Howard's opinion under 20 C.F.R. § 404.1527, just as the ALJ must do. Further, because the Appeals Council failed to give any reasons, the matter should be reversed or remanded for this error. Plaintiff cites to *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005) in support of this argument. Plaintiff's reliance on *Higginbotham* is misplaced. The court in *Higginbotham* was deciding a "question of only narrow interest but of significance to some Social Security appeals," which concerned whether – *in reviewing the denial of supplemental security income ("SSI") benefits* – the courts should consider evidence presented for the first time to the Appeals Council, evidence which was accepted and considered by the Appeals Council who then denied a request to review. The issue was what constituted a "final decision," and the *Higgenbotham* court determined that a "final decision" encompassed the Appeals Council's denial of a review, which meant that the court must also consider evidence presented for the first time to the Appeals Council.

This is an entirely different situation from the one before this court. The *Higgenbotham* court was dealing with a claim for SSI, and the relevant time period for a claim for supplemental security income benefits (SSI) is the time up to the final decision, so the timing and definition of what constitutes a "final decision" was crucial. Here, plaintiff is seeking disability insurance benefits (DIB), and the relevant time period for DIB is only up to and including the last insured date, which, in this case, is December 31, 2006. "[W]here the Appeals Council considers new evidence but declines to review a claimant's

application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify or reverse the ALJ's decision." *Brashears v. Apfel*, 73 F.Supp.2d 648 (W.D.La.1999) (*citing Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir.1996)); *Smith v. Apfel*, 87 F. Supp. 2d 621 (W.D. La. 2000). The court can, however, consider remand if certain conditions are met.

### B. Court's Review of New Evidence

A review of new evidence is limited to determining whether to remand the case to the Commissioner for consideration of newly presented evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989); *Nickerson v. Secretary of Health and Human Services*, 894 F.Supp. 279, 284 (E.D. Tex. 1995). Remand is appropriate upon a showing that the evidence is new and material, and that good cause exists for the failure to incorporate the evidence into the record in the prior proceedings. *Bradley v. Bowen*, 809 F. 2d 1054, 1058 (5th Cir. 1987);*Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). New evidence would be material if it relates to the relevant time period for which benefits were denied, and must not concern evidence of a subsequently-acquired disability or of the subsequent deterioration of a previously non-disabling condition. *Bradley*, at 1058. New evidence would also be material if there is a reasonable possibility the outcome would have been different for the claimant because of this new evidence. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994 ); *Haywood*, 888 F.2d at 1471.

In a case involving recovery of disability insurance benefits, a plaintiff must prove disability prior to the date her insured status expires. *Torres v. Shalala*, 48 F.3d 887, 889

(5th Cir. 1995); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).[3] Newly submitted medical records that show deterioration in plaintiff's condition after that date are not relevant and do not suffice to meet plaintiff's burden. *Torres*, at 889.

Dr. Howard's June 18, 2008,  statement constitutes new evidence, obviously, but the test is whether that statement is material evidence, or if consideration of this evidence might have resulted in a different decision for the plaintiff.  The record reflects that plaintiff's first visit to Dr. Howard occurred on March 6, 2007, and her last on April 2, 2008.[4]  (TR 928-238 and TR 999-1019) All of these visits occurred after plaintiff's insured status ended on December 31, 2006.  Moreover, while the June 18, 2008 statement is the first time that Dr. Howard opined that plaintiff was unable to work,  Dr. Howard did not opine that she had been unable to work or was disabled prior to the expiration of her last insured date. His statement reads in its entirety as follows:

> This woman has undergone disc decompression in June of 2005 and she as well is status post endoscopic discectomy performed in September of 2005. She continues to be quite significantly symptomatic and I believe her symptoms are supported by well-documented medical findings.  EMG and nerve conduction studies are positive.  MRI of the lumbar spine revealed marked disc space narrowing at L5-S1 with neuroforaminal narrowing and probable L5 nerve root impingement.  She is in need of potent pain relievers to get through the day to include Oxycontin ER and Lortab.  She is also taking Soma, a muscle relaxer as well as Lyrica.
>
> I believe this woman's symptoms are real, consistent with the findings of record and I feel strongly that while perhaps she could work some very sedentary position on a significantly part time basis that there is no way she

---

[3]*See also* 20 C.F.R. § 404.131(a) "For a period of disability. To establish a period of disability, you must have disability insured status in the quarter in which you become disabled or in a later quarter in which you are disabled."

[4]The index to the administrative transcripts indicates that the time span covered by these records is from January 17, 2001 to May 29, 2007, which is incorrect. *See* page 3 of List of Exhibits.

could work any job on a forty hour a week basis at any level, be it sedentary
or otherwise.  Her symptoms would preclude this.  (TR 1057)

Dr. Howard's opinion  is not relevant to the current claim for disability insurance benefits.

While his report offers insight into plaintiff's condition as of June 2008,  it does not address

plaintiff's condition at the time of her disability application (January 31, 2006), or the time

of her last insured dated (December 31, 2006). Thus, the new evidence presented for the

first time to the Appeals Councils is – at best – evidence of the deterioration of her

previously non-disabling condition.  New evidence that concerns a subsequently acquired

disability or deterioration of a condition that was not previously disabling should become

the subject of a new application for disability benefits rather than justification for a remand.

*See*, *e.g.*, *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir.1995) Thus, the new evidence of Dr.

Howard's June 18, 2008,  statement does not qualify as material evidence which would

require a remand for consideration of this evidence. There also is no reasonable possibility

that this evidence would have changed the outcome because this evidence did not relate

to plaintiff's condition on or before December 31, 2006. Substantial evidence therefore

supports the Commissioner's decision to reject Dr. Howard's June 18, 2008 statement, and

this decision is not contrary to law.[5]

### *Issue 2 - Substantial Evidence and Listing Criteria*

Next,  plaintiff argues that the substantial evidence supports her claim for disability.

The court disagrees.  A plaintiff "must provide medical findings that support each of the

---

[5]Plaintiff also argues that the Commissioner was obligated to re-contact plaintiff's treating physician
if the evidence was deemed inadequate to make a disability decision, but plaintiff's contention is without merit.
The obligation only arises **when** the report contains a conflict or ambiguity, fails to contains all the necessary
information, or does not appear to be based on medically accepted techniques.  20 C.F.R. § 404.1512. None
of those circumstances apply to Dr. Howard's opinion.

criteria" of a listed impairment.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) In this case, plaintiff makes the conclusory

statement that her back impairments meet the criteria of Listing 1.04,[6] but a review of the

medical evidence reveals there is substantial evidence to support the Commissioner's

decision to deny disability.

For example, the ALJ found that plaintiff was treated for low back and neck pain

from June 2003 through January 4, 2007.  He noted that an MRI dated August 25, 2003,

of the lumbar spine indicated disc desiccation at L5-S1 with disc bulge and arthritic

spurring, and an MRI dated November 28, 2005,  indicated degenerative disc disease at

L5-S1 with bilateral foraminal stenosis. The ALJ then relied on the opinions of two

neurologists: Dr. Wylen and Dr. Dennis.  Dr. Wylen examined plaintiff on February 14,

2007, at the request of Innis Medical Clinic.  Plaintiff's chief complaint was low back pain,

but she also complained of neck pain.  She described her pain as a constant, shooting

pain, with tingling, numbness and weakness in her arms and legs.  Her gait was slow and

stiff, but not pathologic.   There was reduced range of motion in the cervical and lumbar

spine, but full muscle strength in all major muscle groups, no loss of sensation, and her

reflexes were diminished but symmetrical. Dr. Wylen had reviewed another MRI performed

---

[6]Listing 1.04 - Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

in September, 2006, which showed no nerve compression, before he diagnosed plaintiff with failed back syndrome. (TR 16-17, TR 926-927)

Dr. Dennis examined plaintiff on April 30, 2008, and found good range of motion of the extremities and no definite Phalen's and Tinsel's signs with good pulses. Plaintiff had decreased range of motion in the right lower extremity and no definite sciatic stretch signs, and a restricted range of motion of the neck.   Her motor strength was 5/5, and her sensation was intact.   Dr. Dennis diagnosed cervical and lumbar radiculopathy.   (TR 17, TR 988-990)   An EMG study of May 5, 2008, found probable lumbosacral radiculopathy and left peroneal axonal neuropathy. (TR 17, TR 995) The ALJ noted that this MRI was performed well after plaintiff's  last insured date (December 31, 2006), and opined that there are no medical findings on or before plaintiff's last date insured which would indicate that her back condition met the listing criteria of 1.04A, or any other musculoskeletal listing.

In response, plaintiff points to a plethora of medical visits which indicated limited flexion, some positive straight leg raise tests, and some strength decrease.   However, plaintiff failed to point out that those same visits reflected **_normal_** sensory results and **_normal_** reflex results.   Plaintiff's argument is completely bereft of any analysis that relates the very precise requirements of the Listing to her own personal medical situation.   While plaintiff cited to more than thirty visits, she completely failed to reconcile the normal sensory and reflex findings in those visits with the requirements of Listing 1.04.   Also, despite more than 1,000 pages of records, there is not one physician who opined that plaintiff was unable to work due to any disability that ensued before December 31, 2006.   The medical opinions and tests upon which the ALJ relied were records in September 2006 which showed no

nerve compression; records in February 2007 (TR 926) which showed full muscle strength, no loss of sensation, and no pathological reflexes; and records in April 2008 which indicated full muscle strength and no loss of sensation (TR 988). Substantial evidence supports the Commissioner's findings that plaintiff was not disabled prior to her last insured date of December 31, 2006.[7]

### RECOMMENDATION

Accordingly, for the foregoing reasons, it is the recommendation of the Magistrate that the decision of the Commissioner denying benefits be **AFFIRMED**, and that the claimant's complaint be **DISMISSED.**

Signed in Baton Rouge, Louisiana, on March 1, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[7]The plaintiff did not raise any issues relating to plaintiff's pain, other limitations, or the ALJ's failure to consider same,  but only argued that the objective medical tests met the criteria of Listing 1.04. Thus, those issues are precluded from appeals.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELIA K. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-00019-JJB-DLD** |
| **MICHAEL J. ASTRUE, Commissioner**<br>**of Social Security** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 1, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**